[Civ. No. 528. First Appellate District.—June 22, 1908.]

COMMERCIAL UNION ASSURANCE COMPANY (LIMITED) OF LONDON, Respondent, v. E. MYRON WOLF, Insurance Commissioner, etc., Appellant.

FOREIGN CORPORATIONS—RIGHT OF FOREIGN INSURANCE COMPANY TO TRANSACT BUSINESS—REPEAL OF PAST PENALTIES.—When a foreign insurance company was transacting business in this state at the time of the passage of the act of March 8, 1907, which repealed all prior statutes imposing penalties thereupon for its prior acts or delinquencies, and no action was then pending against it on account of any past act or delinquency, the effect of such repeal was to preclude the enforcement of any penalty therefor, under the terms of any prior statute, and if none is enforced after the passage of that act, under its terms, it has the right to transact business on the conditions prescribed by law.

Id.—Forfeiture and Penalties not Favored—Removal of Actions Under Prior Statutes—All Rights not Extinguished.—Forfeitures and penalties are not favored; and, in the absence of the plain mandate of the existing statute, a foreign insurance company will not be refused permission forever to do business in this state, merely because, under a prior statute, it committed the lawful act of removing actions against it to the federal courts, which at the time would have justified the revocation of its license, under the terms of such prior statute.

Id.—Penalty Under Act of 1907—Absence of Record of Cause Removed—Certificate not Revoked.—Under the terms of the act of March 8, 1907, providing that, if a foreign insurance company shall remove to the federal court an action brought against it by a citizen of this state, the insurance commissioners must, upon receipt of a certified copy of the record showing the facts, revoke its certificate of authority to transact business in this state, in the absence of such copy, the certificate cannot be revoked; and where no revocation is attempted, the authority under the certificate continues.

Id.—Temporary Effect of Revocation—Annual Renewal of Certificate of Authority.—Under the act of 1907, providing for the annual renewal of the certificate of authority of a foreign insurance company, to transact business in this state, the only effect of a supposed revocation of the certificate by the insurance commissioner, if properly exercised, would be merely to revoke the certificate previously issued by him to the end of the certificate year, which could not affect the right of the insurance company to obtain a renewal certificate for the ensuing year, upon compliance with the terms provided by law to entitle it thereto.

Id.—Mandamus to Insurance Commissioner to Compel Renewal Certificate.—Where the foreign insurance company shows itself entitled to a new certificate of authority for an ensuing year, and the insurance commissioner has improperly refused to issue the same, *mandamus* will lie to compel such issuance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and E. B. Power, Assistant Attorney General, for Appellant.

T. C. Coogan, Wm. H. Orrick, and E. J. McCutchen, for Respondent.

COOPER, P. J.—Plaintiff, a foreign insurance company, brought this proceeding to procure a writ of mandate to

compel the defendant, as state insurance commissioner, to issue to it a certificate or license, authorizing it to transact its insurance business in the state of California for the year ending July 1, 1908. The facts were found by the trial court, upon which a judgment was entered, awarding plaintiff the writ as prayed for in its petition. This appeal is from the judgment upon the judgment-roll without a bill of exceptions.

It appears to be conceded that the plaintiff was entitled to the writ, unless it had by certain acts forfeited its right to do business in the state of California at the time that it applied for the license or certificate. It appears that in the year 1878 the plaintiff obtained a certificate of authority, in accordance with the statute then in force, authorizing it to transact the business of insurance in the state of California, and thereupon commenced, and thereafter continued to conduct, its business of insurance in the state of California in accordance with the laws of the state. It was then provided, under article 16, chapter 3, part III, title 1 of the Political Code, section 595, as follows: ''It is further enacted that if any action hereafter commenced in any district court of this state by a citizen thereof against a foreign corporation or company doing insurance business in this state, and such corporation or company shall transfer or cause to be transferred such action to the United States Circuit Court, the right of such corporation or company to transact insurance business in this state shall thereupon and thereby cease and determine; and the insurance commissioner shall immediately revoke the certificate of such corporation or company authorizing it to do business in this state, and publish such revocation daily for the period of two weeks in each of some two daily newspapers, one published in the City of San Francisco and the other in the City of Sacramento.'' The above-quoted section remained in force and continued to be the law of this state upon the subject until February 19, 1907.

In December, 1906, an action was pending in the superior court of the city and county of San Francisco against plaintiff by one Gerahty, and upon the motion of plaintiff the said cause was transferred from the said superior court to the United States circuit court. By an act approved February 19, 1907, which went into effect immediately (Stats. 1907,

p. 13), said section 595 of the Political Code was amended to read as follows: "It is further enacted that if in any action hereafter commenced in the Superior Court of this state by a citizen thereof against a foreign corporation or company doing business in this state, such corporation or company shall transfer or cause to be transferred, remove or cause to be removed, such action to the United States Circuit Court, the right of such corporation or company to transact insurance business in this state shall thereupon and thereby cease and determine; and the Insurance Commissioner shall immediately revoke the certificate of such corporation or company authorizing it to do business in this state, and publish such revocation daily for the period of two weeks in each of some two daily papers, the one published in the City of San Francisco and the other in the City of Sacramento."

In November, 1906, the Crown Distilleries Company, a corporation, commenced an action against plaintiff in the superior court of the city and county of San Francisco; and on the seventh day of March, 1907, the plaintiff caused the said action to be transferred and removed from said superior court to the United States circuit court. By an act, approved March 8, 1907, which went into effect immediately (Stats. 1907, p. 141), article 16, chapter 3, part III, title 1 of the Political Code, and each and every section thereof, were repealed, and a new article 16 covering the same subject of insurance was enacted. In the place of the repealed section 595, this latter act contains section 608, which reads as follows: "If any foreign insurance company doing business in this state shall transfer or cause to be transferred to the United States Circuit Court, from any court of this state having jurisdiction of the subject matter, any action or special proceeding arising or growing out of any business previously transacted in this state, then the Insurance Commissioner shall have the power, and it shall be his duty, upon receiving a certified copy of the record showing the facts hereinbefore set forth, to immediately revoke the certificate of authority, authorizing such company to transact insurance business in this state." This latter act provides for the issuing of certificates of authority by the insurance commissioner to all companies, corporations and persons, such certificates to expire on the first day of July after their issuance, and must

be "renewed annually." Section 596 thereof provides as follows: "No company shall transact any insurance business in this state without first complying with all the provisions of the laws of this state, and thereafter procuring from the Insurance Commissioner a certificate of authority, and continuing to comply with the laws of this state." The act, although repealing all the prior sections of the Political Code, contains a saving clause as to all causes of action that had accrued or that had been commenced for assessments, penalties and fines under the repealed law. After it went into effect and on the twentieth day of March, 1907, Brown Bros. Company commenced an action in the superior court of the city and county of San Francisco against this plaintiff; and thereafter, in April, 1907, plaintiff caused said action to be transferred to the United States circuit court.

Under the view we take of this case it is not necessary to discuss the various constitutional objections raised as to the act of March 8, 1907; nor is it necessary to discuss the provision of section 595 of the Political Code in force at the time the first action was transferred; nor the provision of the same section as amended and in force at the time the second action was transferred. It is sufficient to say that at the time the act of March 8, 1907, went into effect the plaintiff was doing business in the state of California, and its license had not been revoked, nor was any action pending to deprive it of its right to do business in the state. No cause of action appears to have accrued against it for any penalty, assessment or fine, and no saving clause is contained in the act for any other delinquency, or for having gone into court and asked the right which the law gave it to have pending cases removed to the United States circuit court. It is elementary that the repeal for a prior statute penal in its nature, or which provides for forfeitures or penalties, takes away all remedies as to violations of the law repealed committed before the repeal, unless the remedy is specifically saved or reserved, or unless there is vested some private right. We do not find in the entire act of March 8, 1907, anything showing an intent to prevent any company, corporation or person from procuring a certificate on account of any prior delinquency. The act by its terms makes provision as to future transfers, and not as to any transfer that had already been made. Forfeit-.

ures and penalties are not favored; and in the absence of the plain mandate of the statute a company will not be refused permission forever to do business in the state of California, for the simple reason that under a prior statute it committed a lawful act which at the time would have justified the revocation of its license. There is nothing in the entire scope of the act which would justify such contention, or which even tends to show that the legislature had such a thing in mind. The act provides that the insurance commissioner may revoke the certificate of authority of any company that becomes insolvent; but it provides that if, within ninety days after the receipt of the notice of revocation the company shall repair its capital stock so as to become again solvent ''the Commissioner may issue a new certificate of authority in the manner and to the same effect as the original certificate of authority.'' It provides certain conditions and statements to be made and performed by a foreign insurance company before it shall be allowed to transact business in the state; but no mention is made as to any past transgression by the company. It provides that no company shall transact any insurance business without first complying with all the provisions of the laws of this state; which means, in effect, that any company which complies with all the provisions of the laws of the state shall be entitled to a certificate of authority to do business in the state.

This brings us to the question as to the effect of the act of plaintiff in procuring the case of Brown Brothers & Company to be transferred to the United States circuit court in April, 1907, after the present act went into effect.

Under section 608 of the act herein quoted, it was made the duty of the insurance commissioner ''upon receiving a certified copy of the record showing the facts hereinabove set forth to immediately revoke the certificate of authority.'' It does not appear that any certified copy of the record, showing the transfer of the action of Brown Brothers & Company, was ever received by the insurance commissioner, or that he ever revoked the certificate of authority which had prior thereto been given to plaintiff. Even if the commissioner had received a certified copy of the record, and had revoked the certificate of authority, it would only have deprived the plaintiff of the right to transact its insurance

business in the state until July 1, 1907.   The license or certificate of authority under the act in every case expires on the first day of July after its issue, and must be renewed annually.   Now, we cannot by judicial construction add to section 608 any provision not contained therein.   It contains a provision in the nature of a penalty or forfeiture; that is, if the foreign corporation does not submit any cause of action brought against it to the jurisdiction of the state, but has such cause transferred to another tribunal, the insurance commissioner "may revoke the certificate of authority."   The act of revoking can only deprive the plaintiff of that which the commissioner had already given by issuing the certificate. The certificate is to be issued in each case only up to the first day of the following July.   It necessarily follows that the act of revoking would take away the authority up to the first day of the following July.   The commissioner under the act is authorized to give the certificate upon the applicant complying with the law, and it is made his duty to take away that which he gave—the certificate—as a penalty for having a cause transferred from the jurisdiction of the state courts. No other penalty is prescribed.   We do not know but that the legislature intended no other.   In any event we cannot insert that which we fail to find in the statute.

It appears by the findings, which are not controverted, that "prior to the 1st day of July, 1907, plaintiff duly filed in the office of the Insurance Commissioner of said State of California a copy of its articles of incorporation and charter, duly certified by the proper custodian thereof, and the certificate required by subdivision 2 of section 607 of the Political Code of said State; the statement required by sections 611 and 612 of said Political Code; the designation of agent and stipulation required by section 616 of said Political Code; a good and sufficient bond in the penal sum of $20,000 as required by section 623 of said Political Code; and also an application in due form for a certificate of authority, authorizing it to transact the business of fire and marine insurance in said state during the year ending July 1st, 1908. . . . That plaintiff is not, and was not at the time of the filing of the documents hereinbefore referred to, in arrears or indebted to the State of California or to any county or city and county thereof for fees, licenses, taxes, assessments, fines or

penalties of any kind or otherwise; nor was plaintiff at any of said times, nor is it now, in default for failure to comply with any of the laws of said state regarding the government or control by said state of said plaintiff." Section 616 of the Political Code provides that the stipulation must be as follows: "The (giving name of company) does hereby stipulate and agree that in consideration of the permission granted by the State of California to it to transact insurance business in this state, that if at any time said company shall leave this state, or cease to transact business in this state, or shall be without any agent in said state upon whom any notice, proof of loss, summons or other legal process may be served, then in any action or proceeding arising out of any business or transaction which occurred in this state service of any notice provided by law, or insurance policy, or proof of loss, summons or other legal process, may be made upon the insurance commissioner, and such service upon the commissioner shall have the same force and effect as if made upon the company."

We conclude that the plaintiff was entitled to the certificate, and that it was the duty of the defendant to issue it.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.